UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS C.,[1]<br><br>         Plaintiff,<br><br>    v.<br><br>SSA COMMISSIONER,<br><br>         Defendant. | Case No. 25-cv-04134-TSH<br><br>**ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 9, 12 |

## I.   INTRODUCTION

Plaintiff Chris C. moves for summary judgment to reverse the Social Security Administration's denial of his claim for disability benefits under the Social Security Act, 42 U.S.C. § 401 et seq. ECF No. 9. Defendant cross-moves to affirm. ECF No. 12. Pursuant to Civil Local Rule 16-5, the matter is submitted without oral argument. For the reasons stated below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's cross-motion.[2]

## II.   PROCEDURAL HISTORY

On July 15. 2021, Plaintiff filed concurrent claims for disability benefits under Titles II and XVI of the Social Security Act, alleging disability since July 30, 2019. Administrative Record (AR) 262-77. Following denial at the initial and reconsideration levels, Plaintiff requested a hearing before an Administrative Law Judge (ALJ). AR 133-58, 172-77, 195-97. An ALJ held a hearing on May 12, 2023 and issued an unfavorable decision on April 23, 2024. AR 25-98. The

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.
[2] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 4, 6.

1  Appeals Council denied Plaintiff's request for review on March 14, 2025.  AR 1-6.  Plaintiff now
2  seeks review pursuant to 42 U.S.C. § 405(g).

### III.   ISSUE FOR REVIEW

Plaintiff raises one issue on appeal: Whether the Appeals Council erred by not applying Social Security Ruling 24-2p, which addresses the timeframe for past relevant work.

### IV.   STANDARD OF REVIEW

42 U.S.C. § 405(g) provides this Court's authority to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).  The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards.  *Id.*  Substantial means "more than a mere scintilla," but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up).  Under this standard, which is "not high," the Court looks to the existing administrative record and asks "whether it contains 'sufficient evidence' to support the agency's factual determinations."  *Id.* at 102 (cleaned up).

The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence."  *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."  *Id.* at 1010 (citation omitted).  If "the evidence can reasonably support either affirming or reversing a decision," the Court must defer to the ALJ's decision.  *Id.* (citation omitted).

Even if the ALJ commits legal error, the ALJ's decision must be upheld if the error is harmless, meaning "it is inconsequential to the ultimate nondisability determination, or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity."  *Brown-Hunter*, 806 F.3d at 492 (cleaned up).  But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to

United States District Court
Northern District of California

conclude that the ALJ's error was harmless" and is instead "constrained to review the reasons the ALJ asserts." *Id.* (cleaned up).

## V. DISCUSSION

### A. Framework for Determining Whether a Claimant Is Disabled

A claimant is "disabled" under the Social Security Act (1) "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months" and (2) the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(A)-(B); *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012). To determine whether a claimant is disabled, an ALJ is required to employ a five-step sequential analysis. 20 C.F.R. § 404.1520(a)(1) (disability insurance benefits); *id.* § 416.920(a)(4) (same standard for supplemental security income). The claimant bears the burden of proof at steps one through four. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citation omitted).

At step one, the ALJ must determine if the claimant is presently engaged in a "substantial gainful activity," 20 C.F.R. § 404.1520(a)(4)(i), defined as "work done for pay or profit that involves significant mental or physical activities." *Ford*, 950 F.3d at 1148 (cleaned up). Here, the ALJ determined Plaintiff had not performed substantial gainful activity since July 30, 2019, the alleged onset date. AR 30.

At step two, the ALJ decides whether the claimant's impairment or combination of impairments is "severe," 20 C.F.R. § 404.1520(a)(4)(ii), "meaning that it significantly limits the claimant's 'physical or mental ability to do basic work activities.'" *Ford*, 950 F.3d at 1148 (quoting 20 C.F.R. § 404.1522(a)). If no severe impairment is found, the claimant is not disabled. 20 C.F.R. § 404.1520(c). Here, the ALJ determined Plaintiff had the following severe impairments: "degenerative disc disease of the lumbar and cervical spine; right shoulder impingement; degenerative joint disease of the bilateral knees (status post acromioclavicular (ACL) repair on the left); bilateral carpal tunnel syndrome; Hashimoto's thyroiditis;

hypothyroidism; and borderline diabetes (20 CFR 404.1520(c) and 416.920(c))." AR 31.

At step three, the ALJ evaluates whether the claimant has an impairment or combination of impairments that meets or equals an impairment in the "Listing of Impairments" (referred to as the "listings"). *See* 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Pt. 404 Subpt. P, App. 1. The listings describe impairments that are considered "to be severe enough to prevent an individual from doing any gainful activity." *Id.* § 404.1525(a). Each impairment is described in terms of "the objective medical and other findings needed to satisfy the criteria of that listing." *Id.* § 404.1525(c)(3). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (footnote omitted). If a claimant's impairment either meets the listed criteria for the diagnosis or is medically equivalent to the criteria of the diagnosis, he is conclusively presumed to be disabled, without considering age, education and work experience. 20 C.F.R. § 404.1520(d). Here, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets the listings. AR 32.

If the claimant does not meet or equal a listing, the ALJ proceeds to step four and assesses the claimant's residual functional capacity (RFC), defined as the most the claimant can still do despite their limitations (20 C.F.R. § 404.1545(a)(1)), and determines whether they are able to perform past relevant work.[3] If the ALJ determines, based on the RFC, that the claimant can perform past relevant work, the claimant is not disabled. *Id.* § 404.1520(f). Here, the ALJ determined Plaintiff has the RFC

> to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). Specifically, the claimant can sit for 6 hours at a time or cumulatively in an 8-hour workday with appropriate breaks; can stand and/or walk for 2 hours at a time or cumulatively in an 8-hour workday; has no need for an assistive device to walk; can push, pull, lift and/or carry 20 pounds occasionally and 10 pounds frequently; can occasionally bend, stoop, balance, kneel, and crouch; can occasionally climb ladders, scaffolds, stairs, and ramps; can occasionally reach in all directions including overhead above the shoulder with the dominant right upper extremity; and can frequently hold, feel, and finger objects with both hands.

---

[3] The definition of past relevant work is discussed below.

1  AR 33.  As such, the ALJ determined Plaintiff is capable of performing past relevant work as a

2  Technical Writer and has therefore not been under a disability, as defined in the Social Security

3  Act, from July 30, 2019, through the date of the decision.[4]  AR 38-39.

**B.     Analysis**

Under the rules in effect at the time of the ALJ's April 23, 2024 decision, a claimant's "past relevant work" was substantial gainful activity that was performed within the last 15 years and that lasted long enough for the claimant to learn to do it.  20 C.F.R. §§ 404.1565(a), 416.965(a).  Plaintiff does not dispute he could perform his past relevant work during this time, admitting he "stopped working as a technical writer in July of 2019."  Pl.'s Mot. at 8.  Nor does he dispute that his work as a technical writer met the regulatory definition of "past relevant work" at the time of the ALJ's decision.  *See generally id.*  Instead, his challenge relies on a rule that took effect in June 2024, after the ALJ found him not disabled.  *Id.* at 7–8.  This rule— Social Security Regulation (SSR) 24-2p—shortened the timeframe for past relevant work from 15 years to 5 years.  *See* 89 Fed. Reg. 27653 (Apr. 18, 2024); SSR 24-2p, 89 Fed. Reg. 48,479 (June 6, 2024), available at 2024 WL 2846571.  Plaintiff argues that, because he stopped working as a technical writer in July of 2019, "[h]ad the Appeals Council properly applied the five-year lookback period it would have determined that the plaintiff's past work as a technical writer was too remote to be considered relevant under SSR 24-2p."  Pl.'s Mot. at 8.  He argues SSR 24-2p should apply because the Appeals Council denied review of his claim on March 14, 2025, after SSR 24-2p took effect.  *Id.*

When issuing SSR 24-2p, the agency explained it expects federal courts to review its "final decisions using the rules that were in effect at the time we issued the decisions."  SSR 24-2p, 2024 WL 2846571, at *48479 n.1.  As such, the amendment applies to "claims newly filed and pending beginning on June 22, 2024."  89 Fed. Reg. 48138 (June 5, 2024).  Consistent with this guidance, the Ninth Circuit has declined to apply the new regulation to appeals in which the ALJ decision

---

[4] As such, it was unnecessary for the ALJ to proceed to step five, where the burden shifts to the agency to prove that "'the claimant can perform a significant number of other jobs in the national economy.'"  *Ford*, 950 F.3d at 1149 (quoting *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002)).

5

became final before June 22, 2024. *See McClune v. Dudek*, 2025 WL 1099701, at *2 (9th Cir. Apr. 14, 2025) ("Because McClune's application was filed in 2016, and the ALJ's decision became the final decision of the Commissioner in 2023, and because the Commissioner has issued a Social Security Ruling explaining that the new definition is intended to be applied prospectively in ALJ decisions issued on or after June 22, 2024, SSR 24-2p, 89 Fed. Reg. 48479 n.1 (June 6, 2024), we decline to apply the new regulation in this appeal."); *Dodge v. Dudek*, 2025 WL 1099705, at *2 (9th Cir. Apr. 14, 2025) (same).

Here, as the Appeals Council explained in its declination of review, the date of adjudication was April 23, 2024, the date of the ALJ's decision. *See* AR 1 ("[Because] we have denied your request for review . . . the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case.")). Although Plaintiff argues otherwise, the Ninth Circuit recently confirmed this point in *Obrien v. Bisignano*, 142 F.4th 687 (9th Cir. 2025). In *Obrien*, the Court held that where the Appeals Council denies a claimant's request for review, the relevant "adjudication" for ascertaining past relevant work "is the ALJ's decision." *Id.* at 702. Since its decision in *Obrien*, the Ninth Circuit has repeatedly confirmed its holding. *See Houlihan v. Bisignano*, 2025 WL 1905106, at *2 (9th Cir. July 10, 2025); *Beatty v. Bisignano*, 2025 WL 1639232, at *2 (9th Cir. June 10, 2025); *Benson v. Dudek*, 2025 WL 1404946 at *2 (9th Cir. May 15, 2025); *see also Revels v. Berryhill*, 874 F.3d 648, 656 n.2 (9th Cir. 2017) (explaining that the court will "defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations" (alteration in original) (quoting *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Circ. 1989))).

Under the regulations in place at the time the decision was issued, past relevant work was defined as work an individual did within the past 15 years. As Plaintiff last performed work as a technical writer in July 2019, and the ALJ's decision was issued on April 23, 2024, the ALJ did not err by concluding this was past relevant work.[5]

---

[5] Even if the Court were to find SSR 24-2p applies to Plaintiff's case (and it makes no such finding here), it could not result in a finding of disability because Plaintiff had past relevant work less than five years before the Commissioner's final decision. The ALJ issued her decision on April 23, 2024 (AR 39), which means that even if the new rule applied, Plaintiff would have past

6

## VI. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's cross-motion. The Court shall enter a separate judgment, after which the Clerk of Court shall terminate the case.

**IT IS SO ORDERED.**

Dated: December 31, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

relevant work if it was performed on or after April 23, 2019. And, as Plaintiff concedes in his brief (Pl.'s Br. at 8), he worked as a technical writer until July 2019 (AR 33, 59–60, 326), which is within the five-year lookback period.

7